*Law Offices of*
*Susan G. Kellman*
*Attorney at Law*
*25 Eighth Avenue*
*Brooklyn, New York 11217*

*Telephone: (718) 783-8200*    *Telefax: (718) 783-8226*

*e-mail: kellmanesq@aol.com*

August 7, 2012

**ECF and**
**REGULAR MAIL**
Darren LaVerne, Esq.
Assistant United States Attorneys
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

       Re: <u>United States v. Richard Riccardi</u>
          12 Cr. 447 (SJ)

Dear Mr. LaVerne:

  This request for discovery is written on behalf of the defendant, **Richard Riccardi,** whom this office was assigned to represent in the above-referenced matter, pursuant to the Criminal Justice Act. We would appreciate it if the materials requested are furnished promptly so we can begin to prepare for trial and to prepare appropriate motions. We appreciate your cooperation in connection with the prompt delivery of discovery material. I hereby request that you provide the following information and documents:

  Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, <u>Kyles v. Whitley</u>, 514 U.S. 419, (1995), 115 S.Ct.1555, <u>Brady v. Maryland</u>, 373 U. S. 83 (1963), and their progeny, and the Fifth and Sixth Amendments to the United States Constitution, we request the opportunity to inspect and copy the following

material in the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known to you or to any other attorneys or agents for the government:

    1.   Any relevant written or recorded statement made by each defendant.  Federal Rules of Criminal Procedure (16)(a)(1)(A).  This request should be deemed to include all statements made by corporate employees in the grand jury.

    2.   The substance of any oral statement which the government intends to offer in evidence at trial which were made by the defendant, whether before or after the indictment, in response to interrogation by any person then known to be a government agent.  Federal Rules of Criminal Procedure 16(a)(1)(A).

    3.   The names, assignments and locations of the agents and/or officers present at the time any oral statement referred to in Request No. 2 was made.

    4.   Any statements made by any defendant to third parties who then made a statement to the government in which such defendant's remarks were repeated or reported and included in the third party's statement.  See <u>United States v. Thevis</u>, 84 F.R.D. 47, 55 (N.D.Ga. 1979).  This request encompasses any statements made by any agents of the defendant to government officers or attorneys that the government considers to be statements made by any

defendant.

5. A copy of any prior criminal record of each defendant, if applicable. Federal Rules of Criminal Procedure 16 (a)(1)(B).

6. All books, papers, documents, photographs, or tangible objects, or copies or portions thereof (hereinafter referred to as "documents"), which were obtained from any defendant in this case. This request includes any documents obtained from or which were the property of any employee, agent, or professional consultant (e.g., attorney, tax preparer, accountant, auditor) of the defendant who appeared in either their personal or business capacity. Federal Rules of Criminal Procedure 16(a)(1)(C).

7. All documents which the government intends to use at trial as evidence in its case-in-chief. Federal Rules of Criminal Procedure 16(a)(1)(C). Defendants request that any documents in this category be specifically identified from among the mass of documents that should be produced pursuant to defendant's Rule 16 requests, both to enable counsel to prepare effectively for trial and to afford the defendants an opportunity to move to suppress any evidence the government intends to use in its case-in-chief. See Federal Rules of Criminal Procedure 12(b)(3) and 12(d)(2).

8. All documents (meaning papers of any kind) which are material to the preparation of the defense. Federal Rules of Criminal Procedure 16(a)(1)(C).

9. All results of reports of physical or mental examination, scientific tests, or experiments conducted in connection with any investigation of the charges contained in the Indictment, Federal Rules of Criminal Procedure 16(a)(1)(D), including, but not limited to:

    (a) All handwriting exemplars, handwriting samples, opinions of handwriting experts, handwriting or document analysis, and all documents used in such analysis;

    (b) All fingerprint and palm print exemplars, fingerprint samples, comparisons and opinions of fingerprint experts, and all documents relating to those opinions;

    (c) All psychological tests performed upon any government witness, and all documents referring or relating to such tests;

    (d) All polygraph examinations, psychological stress evaluations, hypnotic procedures, or any other scientific procedures devised to determine whether a subject is telling the truth, or to refresh a witness' memory, and all documents referring or relating to such examinations.

10. Pursuant to <u>Kyles v. Whitley</u>, 514 U.S. 419, (1995), <u>Brady v.</u>

<u>Maryland</u>, 373 U.S. 83 (1963), and their progeny, including <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), defendants request immediate disclosure of all exculpatory or impeaching material in the government's possession, custody, or control or otherwise known to the government, including, without limitation:

(a) All records and information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant "rap sheets" of each witness the prosecutor intends to call at trial;

(b) All records and information revealing prior or subsequent misconduct, criminal acts, or bad acts of any witness the prosecutor intends to call at trial, including without limitation, allegations of criminal conduct of which the prosecution knows or, through reasonable diligence, should have reason to know;

(c) All considerations or promises of consideration given during the course of the investigation and preparation of this matter by any law enforcement officials, including prosecutors or agents, police, or informers, to or on behalf of any witness the prosecutor intends to call at trial, or any such consideration or promises expected or

hoped for by any such witness at any future time. Such "considerations" refer to anything which arguably could be of value or use to a witness, including, but not limited to, formal and informal, direct or indirect, leniency, favorable treatment, or recommendations or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, administrative or other matter involving the state or federal government, any other authority, or other parties; civil, criminal, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness' fees, and special witness' fees; provisions of food, clothing, transportation, legal services, or other benefits; placement in a "witness protection" program, informer status of the witness; letters to anyone informing the recipient of the witness' cooperation; recommendations concerning federal aid or benefits; recommendations concerning licensing, certification, or registration; promises to take affirmative action to help the status of the witness in a profession, business, or employment or promises not to jeopardize such status; aid or efforts in

securing or maintaining the business or employment of a witness; and anything else which arguably could reveal an interest, motive, or bias in the witness in favor of the prosecution or against any defendant or act as an inducement to testify or to color his testimony;

(d)  All statements--formal and informal, oral or written--by the prosecution, its agents and representatives to any person (including counsel for such person) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course, or outcome of any government action--state or federal, civil or anyone related by blood or marriage to the witness;

(e)  All threats, express or implied, direct or indirect, or other coercion directed against any witness the prosecution intends to call at trial; criminal prosecutions, investigations, or potential prosecution spending or which could be brought against any such witnesses; any probationary, parole, deferred prosecution, or custodial status of any such witness; and any civil, tax court, court of claims, administrative or other pending or potential

legal dispute or transactions involving any such witness and the state or federal government, or other which the state or federal government has real, apparent, or perceived influence;

(f)  A list of all request, demands, or complaints made to the government by the witness which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action in his behalf (regardless of whether or not the government has agreed to provide any favorable action):

(g)  Any material not otherwise listed which reflects or evidences the motivation of the witness either to cooperate with the government of any bias or hostility against the defendant;

(h)  The existence and identification of each occasion on which a witness has testified before any court, grand jury, or other tribunal or body, or otherwise officially narrated in relation to the defendant investigation of the facts of this case;

(i)  Identification of all judicial proceedings in any

criminal cases involving (as a witness, unindicted co-conspirator, aider or abettor, or defendant) any person who is a potential prosecution witness at the trial in this action;

(j) Any statements or documents, including, but not limited to, grand jury testimony and federal, state, and local tax returns made or executed by any potential prosecution witness at the trial in this action which the prosecution knows or through reasonable diligence should have reason to know is false;

(k) The existence and identification of each occasion on which a witness who is or was an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body;

(l) A copy of all medical and psychiatric reports known to the prosecutor or which can reasonably be known to the prosecutor concerning any witness the prosecutor intends to call at trial which may arguably affect the witness' credibility, ability to perceive, or relate to recall events;

(m) Any written or oral statements, whether or not

reduced to writing, made by any potential prosecution witness which in any way contradicts or is inconsistent with or different from other oral or written statements he has made, and any such statements made by any person, whether witness or not, which in any way contradicts, is inconsistent with, or different from any statements made by a prosecution witness;

(n)  Any requests prepared by the prosecution for permission to grant immunity or leniency for any witness, whether or not such request was granted;

(o)  Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the prosecutor's evidence;

(p)  The same records and information requested in items (a) through (o) with respect to each non-witness declarant whose statements are offered in evidence;

(q)  Any and all exculpatory information of whatsoever nature, given before the grand jury;

(r)  The names and addresses of all persons whom the prosecution, its agent, and representatives believe to

have knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as witnesses at trial;

(s)  Copies of any and all records of law enforcement agency reflecting interdepartmental disciplinary action taken against any law enforcement official who will testify in this proceeding;

(t)  Copies of any and all records of any law enforcement agency reflecting any commendations, awards, or recognition of any kind or requests for any kind made by any of the agents or police involved in this case with respect to this case; and

(u)  Any and all records pertaining to any civil lawsuits between a defendant and any witness the prosecution intends to call at trial, including, without limitation, records or statements pertaining to the instigation, conduct and disposition of such litigation.

In support of these requests, the defendant represents and states that:

(i)     the information is necessary to enable the

     defendants to examine what motions *in limine* are necessary;

 (ii) the information requested is necessary to prepare for and to preclude the trial from being one of ambush and surprise; and;

 (iii) the information requested is necessary to prepare for meaningful cross examination of any witness who may testify on behalf of the government.

11. As a predicate to motions pursuant to Rule 12 Federal Rules of Criminal Procedure, defendant requests that:

 (a) The government turn over to defense counsel:

  (i) all applications for court orders for electronic or video surveillance and applications for extensions thereof;

  (ii) all court orders pertaining to electronic or video surveillance and renewal orders;

  (iii) all interim reports by the government to the court on such surveillance;

  (iv) logs of any such surveillance;

  (v) all tapes resulting from such surveillance;

  (vi) all transcriptions resulting from such surveillance, including currently available transcriptions, even if in draft form;

  (vii) all applications for extending the date for notification of such surveillance;

  (viii) all court orders extending the date for such notification;

  (ix) all papers submitted to the court concerning sealing of electronic or video surveillance tapes; and,

  (x) all consensual tape recordings and transcriptions.

(b) Defense counsel be informed:

  (i) whether any evidence in the government's possession, custody, or control was obtained by a search and seizure, and a description of such evidence;

  (ii) whether any evidence in the government's possession, custody, or control was obtained through the use of a beeper or other tracking device, and a description of such evidence;

  (iii) whether any evidence in the government's

          possession, custody, or control was obtained through a mail cover, and a description of such evidence;

    (iv)    whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys; and;

    (v)    whether any grand jury materials, including grand jury transcripts or any documents or information produced to the grand jury, were disclosed or released to any person other than the grand jurors, witnesses, court reporters, and Assistant United States Attorneys.

12.    Pursuant to Rule 1006 of Federal Rules of Evidence, we request we be advised whether the government will seek to offer any chart, summary, or calculation in evidence and that any said chart, summary, or calculation, as well as all writings, recordings, photographs, or other information on which such charts, summaries, or calculations are based, be made available for inspection and copying.

13.    Pursuant to the provisions of Rule 104 of Federal Rules of Evidence, and defendant's rights to effective representation by counsel and a fair

trial, we request the government disclose whether it intends to offer in its case-in-chief as a statement by any defendant any of the following:

    (a)    Any statement as to which any defendant manifests his adoption or belief in its truth, Federal Rules of Evidence 801(d)(2)(B);

    (b)    Any statement made by another which was purportedly authorized by any defendant or is deemed to be an admission of any defendant, Federal Rules of Evidence 801(d)(2)(A) and 801(d)(2)(C);

    (c)    Any statement by an agent or servant of any defendant concerning a matter within the scope of his/her agency or employment made during the existence of such a relationship, Federal Rules of Evidence 801(d)(2)(D); and

    (d)    Any statement by a co-conspirator or co-racketeer made during the course of and in furtherance of the conspiracies alleged in the indictment, Federal Rules of Evidence 801(d)(2(E).

    14.    Pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16(a)(1(C), Federal Rules of Criminal Procedure, and Rules 403 and 404(b), Federal Rules of Evidence, we request the government

disclose all evidence of, and putative witness to, other or similar crimes, wrongs, or acts allegedly committed by defendants upon which the government intends to rely. Provide all predicates.

15. Defendant requests the government disclose the impanelment and adjournment dates of each grand jury that heard evidence concerning this case, the instructions provided to the grand jury before the Indictment was returned, and the voting record and record (i.e., transcript) of return in open court of the indictment.

16. Defendant requests that the government disclose whether and under what circumstances members of the grand jury either met in or conversed at the offices of the United States Attorney. In this regard state: (a) the names of those persons who were present, (b) whether a recording device or court reporter was present, (c) the date, time and the circumstances surrounding any such meetings, and (d) the dates, times and places of all meetings, formal or informal, of the grand jury.

17. Defendant requests the government provide a list of the names and addresses of all witnesses the government intends to call in its case-in-chief.

18. Defendant requests the government disclose the names and addresses of, as well as the statements and testimony of, all persons whom the government does not intend to call as witnesses at trial who were interviewed by

the government or who testified before the grand jury with respect to any of the charges in the Indictment.

19. Defendant requests the government provide the defendant with the particulars related to Counts Three, Four and Five of the Superceding Indictment, including but not limited to: (a) the date and time of the activity alleged in each count; (b) identification of the persons the government alleges participated in these activities; (c) identification of the articles and/or commodities that are alleged to have been involved in each count; and d) identify the "others" referred to in each count.

20. Each of these requests is of a continuing nature and calls for supplementation of any answer as soon as the government discovers additional evidence, information or material. In addition, each request in each paragraph of this letter is specifically sought under the rule of Kyles v. Whitley, 514 U.S. 419 (1995), Brady v. Maryland, supra, and their progeny, as well as applicable rules of discovery. In our view, Brady material must be made available to the accused as soon as it becomes evident to government that information or material in its possession falls within ambit of the rule. If the government finds itself with Brady material, but feels that production can be delayed to trial or a point closer to trial, we expect you to advise us immediately so that the time for disclosure can be resolved by the Court.

21. It is specifically requested that the government notify defense

counsel forthwith in the event that any person, co-conspirator, co-defendant, aider or abettor, or other person having relevant information pertaining to the proof of the case herein shall become unavailable temporarily or otherwise whether or not the government intended to call such witness so defense will have sufficient notice of the absence of such a person and will be capable of causing an independent search of such person.

22. Each of these requests is of continuing nature and calls for supplementation of any answer as soon as the government discovers additional evidence, information or material.

          Very truly yours,

          *Susan G. Kellman*

          Susan G. Kellman
          *Attorney for Defendant*
          **Richard M. Riccardi**
          25 8th Avenue
          Brooklyn, New York 11217
          Telephone: (718) 783-8200
          Fax: (718) 783-8226

cc: Hon. Sterling Johnson

    Richard M. Riccardi