UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 12-CR-00447 (ERK) (RER) (2)

———————————

RICHARD RICCARDI,

Petitioner,

VERSUS

THE UNITED STATES OF AMERICA,

Respondent.

———————————

**REPORT & RECOMMENDATION**

February 4, 2020

———————————

**TO THE HONORABLE EDWARD R. KORMAN**
**SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

    Before the Court is *pro se* petitioner Richard Riccardi's ("Riccardi" or "Petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate the thirty-six year sentence imposed upon him by former United States District Judge John Gleeson. Petitioner contends that his trial and appellate counsel were constitutionally ineffective in numerous ways and that in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) his convictions for unlawful use of a firearm and causing death through use of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii)[1] and 18 U.S.C. § 924(j)(1), respectively, must be vacated. (Dkt. Nos. 200 ("Initial Petition") and 201 ("Supp. Petition")). Your Honor has referred the motion to me for a report and recommendation. (Dkt. Entry dated 10/18/2018). For the reasons which follow, I respectfully recommend that the motion be denied in its entirety.

## BACKGROUND

    On July 17, 2012, Riccardi and his co-defendant, Luigi Grasso ("Grasso"), were arrested on charges related to the robbery and death of James Donovan ("Donovan") in Brooklyn, New

---

[1] Riccardi's Supplemental Petition incorrectly refers to subsection (ii) of 18 U.S.C. § 924(c)(1)(A) but he was convicted under subsection (iii) of 18 U.S.C. § 924(c)(1)(A). However, subsection (ii) is similar enough to subsection (iii) for the purposes of Riccardi's argument. Therefore, I proceed as if he referred to subsection (iii).

1

York. (Dkt. No. 207 ("Govt. Opp.") at 2–3). On March 20, 2014, a jury found Riccardi and Grasso guilty on all four Counts: (1) Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951(a); (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (3) using and carrying a firearm in relation to the robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (4) causing the death of James Donovan through use of a firearm during the course of the robbery, in violation of 18 U.S.C. § 924(j)(1). (Dkt. Nos. 121 and 170). Riccardi was sentenced to thirty-six years' incarceration: concurrent terms of 20 and 26 years on Counts One and Two, and Count Four, respectively, and a consecutive term of 10 years on Count Three. (Dkt. No. 186).

Riccardi appealed his conviction, unsuccessfully, challenging the jury instructions for the robbery charge and the admission of evidence recovered from his home. *United States v. Riccardi*, 620 Fed. App'x 11 (2d Cir. 2015). Reviewing the instructions for plain error,[2] the United States Court of Appeals for the Second Circuit first held that any error in failing to define "robbed" as the unlawful taking of property was harmless because "the evidence that property was taken from Donovan was 'overwhelming and essentially uncontroverted.'" *Id.* at *14 (quoting *United States v. Gomez*, 580 F.3d 94, 100–01 (2d Cir. 2009)). The Second Circuit further found the instructions adequately informed the jury of the required "force" element of robbery, since the jury had to find that Donovan was "robbed . . . at gunpoint." *Id.* As to Riccardi's challenge to the introduction of the evidence recovered from his home – guns and ammunition – the Court of Appeals concluded that the evidence was "not being offered to prove propensity but, rather, as direct evidence of the charged robbery crimes as well as corroboration for [a co-conspirator's] testimony that Riccardi had provided him with the guns he used to commit the robbery," which was "the crucial fact disputed by Riccardi." *Id.* at *15. Moreover, the Court of Appeals determined the district court provided "careful and repeated limiting instructions . . . to ensure against any unfair prejudice" after making a reasonable decision to allow the evidence pursuant to Federal Rule of Evidence 403. *Id.* (citations omitted).

## DISCUSSION

I.  Legal Standards

28 U.S.C. § 2255 allows a person convicted in federal court to "move the court which imposed the sentence to vacate, set aside or correct the sentence" in certain circumstances. 28 U.S.C. § 2255(a). Under § 2255, relief may be granted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)) (internal quotation marks omitted); *see also* 28 U.S.C. § 2255.

When considering a § 2255 motion, a district court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b). "To warrant a hearing, the motion must set forth specific facts supported by

---

[2] The jury instructions were not objected to at trial. *Id.* at *13.

2

competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013). For instance, "where the allegations are 'vague, conclusory, or palpably incredible'" a hearing may not be warranted. *Id.* at 130 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). If it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b), 28 U.S.C. foll. § 2255.

In general, courts construe a *pro se* petitioner's submissions liberally and interpret them "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)) (internal quotation marks omitted).

II. Application

Riccardi contends that his counsel, who represented him both at trial and on appeal, was constitutionally ineffective in thirteen different ways: (1) counsel did not challenge the decision to try Riccardi and his co-defendant together; (2) counsel did not object to the district court's erroneous jury instructions which failed to properly define "robbery"; (3) counsel did not challenge the admission of guns and ammunition into evidence; (4) counsel did not object on either direct or cross-examination alleged false assertions by a government witness; (5) counsel did not supply evidence of Riccardi's routine to support a theory that he was "in the wrong place at the wrong time"; (6) counsel "failed to perform certain pretrial functions"; (7) counsel "failed to properly select a jury"; (8) counsel "failed to pursue defenses available" to Riccardi; (9) counsel "did not properly advise defendant as to a plea"; (10) counsel "failed to use important evidence or testimony at trial"; (11) counsel "failed to request proper jury instructions"; (12) counsel "failed to present a meritorious issue on appeal"; and (13) counsel's "conduct at trial was simply so bad that it was ineffective." (Initial Petition at 2–8).

Riccardi also contends that his convictions for using, carrying or possessing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three), and causing death through use of a firearm in relation to a crime of violence, 18 U.S.C. §924(j)(1) (Count Four), should be vacated because the Supreme Court's holding in *Johnson*, 135 S. Ct. 2551, eliminated the basis for these convictions. (Supp. Petition). Riccardi argues (1) the "residual clause" of § 924 is void for vagueness; and (2) robbery and robbery conspiracy are not "crimes of violence," an essential element for conviction under § 924. (Supp. Petition).

All Riccardi's arguments lack merit and his petition should therefore be denied in its entirety without holding an evidentiary hearing.

A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the well-established two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he

3

must show that "counsel's performance was [constitutionally] deficient," meaning "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of a counsel's performance must be highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, a defendant must demonstrate that counsel's "deficient performance prejudiced the defense," meaning there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. Each prong is necessary to succeed on an ineffective assistance of counsel claim and as such, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant" and vice versa. *Id.* at 697.

### 1. *Claims Concerning Issues Decided on Direct Appeal*

"A § 2255 motion may not relitigate issues that were raised and considered on direct appeal." *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). The Second Circuit has already rejected two arguments Riccardi raises in his petition – the district court's error in failing to define "robbery" in the jury instructions and the improper introduction of the guns and ammunition into evidence. *See Riccardi*, 620 Fed. App'x at 14–15; Initial Petition at 4 (arguments (2) and (3)). Because an attorney may not be deemed ineffective for failing to raise meritless arguments. *United States v. Noble*, 363 F. App'x 771, 773 (2d Cir. 2010) ("An attorney's '[f]ailure to make a meritless argument does not amount to ineffective assistance.'") (quoting *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). Therefore, Riccardi has failed to meet the first prong of the *Strickland* test for these two claims.

### 2. *Failure to Challenge Joinder of Defendants*

Riccardi claims his counsel was ineffective because she failed to move for severance prior to trial. (Initial Petition at 4–5). Federal Rule of Criminal Procedure 8(b) governs joinder of defendants, while Rule 14(a) specifies when severance is warranted. Two or more defendants may be joined for trial "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Second Circuit has interpreted this language to permit joinder "where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.'" *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir. 1990) (quoting *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)). A "commonsense rule" is also applied "'to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder.'" *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (quoting *United States v. Shellef*, 507 F.3d 82, 98 (2d Cir. 2007) (citations omitted)).

A party may seek severance pursuant to Rule 14 "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or

4

the government." Fed. R. Crim. P. 14(a). In this context prejudice includes the "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "It is not enough to demonstrate that separate trials would have increased the chances of the appellant's acquittal; rather the appellant 'must show prejudice so severe as to amount to a denial of a constitutionally fair trial.'" *United States v. Spinelli*, 352 F.3d 48, 54–55 (2d Cir. 2003) (citation omitted) (quoting *United States v. Serpoosh*, 919 F.2d 835, 837 (2d Cir. 1990)). Defendant carries the "heavy burden" of demonstrating that he would experience this risk absent severance. *See United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994).

While parroting the above standards, Riccardi does not attempt to support the merits of a severance motion with any facts or reasoning. (Initial Petition at 4 ("the joint trial was a serious risk that would compromise my specific trial rights and prevented the jury from making a reliable judgment about my guilt or innocence.")). Even reading Riccardi's assertion to raise the strongest claims it suggests, the petition fails. A Rule 14(a) motion for severance would have been denied. There is a preference for holding joint trials where defendants have been indicted together. *Zafiro*, 506 U.S. at 537. The Court of Appeals has affirmed the denial of severance motions even where the admissible evidence differed for each defendant, *see Spinelli*, 352 F.3d at 55, the defendants were involved in the crimes in varying degrees, *see United States v. Carson*, 702 F.2d 351, 366–67 (2d Cir. 1983), or joint defendants present antagonistic or hostile defenses. *See United States v. Diaz*, 176 F.3d 52, 103–4 (2d Cir. 1999); *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998).

Riccardi and Grasso were tried together as defendants alleged to be co-conspirators in a "common scheme." (Dkt. No. 121 at 1). Not only are the facts and participants the same, but both defendants were charged in the same four Counts of the Indictment and all the evidence supporting these charges was admissible against both Riccardi and Grasso. Since there is a "particularly strong" preference for joinder where defendants are indicted together on common criminal conspiracy charges, and this Circuit has found prejudice especially unlikely in cases where defendants are charged in the same common scheme, a motion for severance would not have been successful. This conclusion is bolstered by the fact that Judge Gleeson provided the following limiting instruction to the jury: "You are going to consider the evidence separately on each charge as to each defendant." (Dkt. No. 171 ("Tr. 3/10/14") at 158:17–18). Thus, Riccardi's argument fails the second prong of the *Strickland* test. *See Noble*, 363 F. App'x at 773 (2d Cir. 2010) ("An attorney's '[f]ailure to make a meritless argument does not amount to ineffective assistance.'") (quoting *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999)). There was no prejudice to Riccardi even if counsel's assistance was ineffective.

3. *Failure to Object to Government Witness's Testimony*

Riccardi also challenges his counsel's failure to object during the testimony of a government witness, Hector Pagan, who purportedly made "multiple false assertions on key facts" such as:

> original false assertions that I was the shooter but later changed the story that lhe [*sic*] was the shooter and instead I planned it, that he received guns for this crime from someone else then later said it was from me, that I was not there when they divided the money but claimed I received a share and this was not addressed further of how or when, that I used my own car as a crash car the absurdness was not challenged.

(Initial Petition at 5).

In sum, Riccardi contests counsel's failure to object to inconsistencies and "absurdness" in Pagan's testimony. However, this behavior does not rise to the deficient performance required under *Strickland* because not only was there no valid basis to object (Dkt. No. 172 at 482-535), but counsel's decision to refrain from objecting may have been part of a trial strategy to allow the witness to discredit himself with his own inconsistent or absurd testimony. *E.g., Heron v. Griffin*, No. 18-CV-00004 (JFB), 2019 WL 1050011, at *11 (E.D.N.Y. Mar. 5, 2019) ("Several reasons may justify forgoing objections: "the conclusion that additional objections might have annoyed the judge or jury; the possibility that the prosecutor, given enough rope, would alienate the jury; the desire not to call attention to unfavorable evidence or to highlight unfavorable inferences.") (internal quotations and citations omitted). The Second Circuit routinely declines to "deem counsel ineffective notwithstanding a course of action (or inaction) that seems risky, unorthodox or downright ill-advised." *Loliscio v. Goord*, 263 F.3d 178, 195 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also Ciaprazi v. Senkowski*, 151 Fed. App'x 62, 63 (2d Cir. 2005) (quoting *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005); internal quotation marks and citations omitted) ("In assessing counsel's performance under the first prong of *Strickland*, 'we must apply a heavy measure of deference to counsel's judgments.'"). In addition, counsel vigorously cross-examined Pagan, impeached his credibility by pointing out his many inconsistent statements and his motive to testify falsely (Dkt. No. 172 at 584-614). "Decisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature' and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002) (quoting *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987)). Riccardi's arguments with respect to counsel's cross-examination of Pagan fail the first prong of the *Strickland* test.

### 4. *Failure to Offer Evidence of Riccardi's "Normal Routine"*

Riccardi contends that his counsel was ineffective by failing to offer evidence that establish that it was Riccardi's "normal routine" to be at the parking lot where the murder occurred. (Initial Petition at 4). Riccardi hoped to use such evidence to prove that he was merely in the "wrong place [at the] wrong time." *Id.* Riccardi does not, however, indicate what evidence his counsel could have offered to support his "normal routine" theory. Such conclusory allegations unsupported by specifics are insufficient to support a motion to vacate based on a claim of ineffective assistance of counsel. Further, testimony from numerous other witnesses pointing to Riccardi's involvement in the robbery scheme make it unlikely that any "normal routine" evidence would have made a difference in the verdict. Therefore, this claim does not meet either prong of the *Strickland* test.

5. *Additional Conclusory Claims of Ineffective Assistance*

Riccardi's remaining bases constitute a laundry list of theoretical ineffective assistance:

> Counsel failed to investigate or perform certain pretrial functions
> Counsel failed to properly select a jury
> Counsel failed to pursue defenses available to me
> Counsel did not properly advise defendant as to a plea
> Counsel failed to use important evidence or testimony at trial
> Counsel failed to request proper jury instructions
> Counsel failed to object to improper jury instructions
> Counsel failed to present a meritorious issue on appeal and
> Counsel's conduct at trial was simply so bad that it was ineffective

(Initial Petition at 8). Riccardi does not, however, provide any facts to support these claims, let alone explain how he was prejudiced by counsel's purported failures. For example, Riccardi does not explain what investigation or pretrial functions counsel did not perform, or specifically what the investigation would have produced. Other than the "normal routine" defense addressed above, he does not expound what available defenses counsel did not pursue. Additionally, Riccardi does not list which jury instructions counsel did not request, which improper jury instructions counsel did not object to, or how counsel otherwise failed to properly select a jury. Riccardi provides no facts at all from which the Court can determine whether counsel "properly" advised him "as to a plea", or even if a plea was offered by the government. Riccardi does not list the "important evidence or testimony" that counsel did not use at trial or otherwise explain the meritorious issues counsel did not pursue on appeal. Indeed, Riccardi "fails to point to anything in the record that supports his conclusory assertion that counsel was ineffective." *Dixon v. United States*, No. 14-CV-1223 (JS), 2018 WL 910522, at *6 (E.D.N.Y. Feb. 14, 2018)

Factually unsupported allegations of ineffective assistance like these are insufficient to warrant a hearing, let alone establish entitlement to § 2255 relief. *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987) (§ 2255 petition "must contain assertions of fact . . . by competent evidence . . . . Airy generalities, conclusory assertions and hearsay statements will not suffice."); *United States v. Malcolm*, 432 F.2d 809, 812 (2d Cir. 1970) (concluding that a district court may deny petitioner's § 2255 motion without a hearing "where the allegations are [*inter alia*] . . . vague, conclusory, palpably false, or patently frivolous"); *see also, e.g., Murph v. United States*, 12 F. Supp. 3d 557, 572 (E.D.N.Y. 2014) (rejecting without a hearing conclusory allegation of failure to properly advise of plea offer); *Fardella v. United States*, Nos. 13 Civ. 5373 (LTS), 11 Cr. 872 (LTS), 2014 WL 3294876 (S.D.N.Y. July 8, 2014) (rejecting § 2255 motion which alleged in conclusory fashion that counsel failed to present meritorious defenses without identifying defenses that purportedly were meritorious); *Bennett v. Conway*, No. 09-CV-5264 (BMC), 2010 WL 1608222, at *5 (E.D.N.Y. Apr. 19, 2010) (denying habeas relief where allegation of failure to investigate was conclusory and did not identify counsel's asserted failings with any specificity or show how any different conduct might have changed the result) (citing *Matura v. United States*, 875 F. Supp. 235, 237–38 (S.D.N.Y. 1995); *Cabezudo v. Fischer*, No. 05–CV–3168 (JS), 2009 WL 4723743, at *12 & n. 5 (E.D.N.Y. Dec.1, 2009) (denying claim of ineffective assistance of appellate counsel where petitioner did not present any evidence indicating that counsel omitted

significant and obvious issues, while pursuing clearly and significantly weaker arguments; conclusory statements are not cognizable as a basis for claims of ineffective assistance); *Maxwell v. Conway*, No. 06 Civ. 14203 (KMK) (LMS), 2009 WL 7039912, at *9 (S.D.N.Y. May 19, 2009) (denying § 2254 petition where petitioner argued appellate "counsel submitted a poorly drafted brief that failed to argue obvious claims of error, without specifically illuminating what those obvious claims of error were"); *Ramos v. United States*, Nos. 05 Civ. 4961 (SCR) (GAY), 01 Cr. 217 (SCR), 2007 WL 3071185, at *5 (S.D.N.Y. Oct. 18, 2007) (denying § 2255 petition as conclusory where "[p]etitioner allege[d] that defense counsel failed to timely request appropriate jury instructions. . . [but] neglect[ed] to state which instructions form the basis of his claim"); *Halo v. United States*, No. 06–CV–5041 (ARR) (RLM), 2007 WL 1299158, at *13 (E.D.N.Y. Apr. 30, 2007) ("'A petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced.'") (quoting *Simmons v. Gramley*, 915 F.2d 1128, 1133 (7th Cir. 1990).

Even considering the merits of these unsupported assertions of ineffective assistance, Riccardi's petition would be rejected. Nothing in the record suggests that counsel's performance fell below a reasonable range of competency. A thorough review of the record, including the trial transcript itself, clearly shows that counsel zealously represented Riccardi, had a strong command of the facts, pursued a defense, advocated for jury instructions that favored Riccardi, and exhausted any potentially meritorious issues for appeal. Riccardi has failed to overcome the presumption that counsel acted reasonably and, therefore, has failed to satisfy the first prong of the *Strickland* test. In addition, because Petitioner has identified no facts that counsel might have found that would have any bearing on the results of his trial, he has failed to show prejudice. His petition should be denied in its entirety.

### B. *Johnson* Claim

Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), Riccardi argues that his convictions for unlawful use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three) and causing death through use of a firearm in violation of 18 U.S.C. § 924(j)(1) (Count Four) must be vacated. (Supp. Petition). Both statutes impose certain criminal sentences if a person uses, carries or possesses a firearm "during and in relation to any crime of violence," as defined in § 924(c)(3). 18 U.S.C. § 924(c)(1)(A); *see also* 18 U.S.C. § 924(j) (proscribing certain sentences where "[a] person who, in the course of a violation of [18 U.S.C. § 924(c)], causes the death of a person through the use of a firearm"). At the time of Riccardi's conviction § 924(c)(3) defined a "crime of violence" as "an offense that is a felony and— [either] (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The first definition, in Part A, has been termed the "elements clause," and the second, in Part B, the "residual clause." *United States v. Biba*, No. 18-2091-cr, 2019 WL 6910440, at **1 (2d Cir. Dec. 19, 2019).

In *Johnson*, the Supreme Court invalidated a provision of the Armed Career Criminal Act similar to the residual clause here in § 924(c)(3) because it was "so vague that it fail[ed] to give

ordinary people fair notice of the conduct it punished." *Johnson*, 135 S. Ct. at 2556. Riccardi's well-reasoned argument that the residual clause in § 924(c)(3) is unconstitutionally vague based on the reasoning in *Johnson* is correct. "*Johnson* was the first in a trilogy of cases that struck down similarly worded statutes, culminating in *United States v. Davis*, which held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague." *Rizzuto v. United States*, Nos. 98-CR-581, 16-CV-3557 (ERK), 2019 WL 3219156, at *1 (E.D.N.Y. July 17, 2019). Riccardi is also correct regarding his Hobbs Act conspiracy argument. Following *Davis*, the Second Circuit "held that conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence' under the elements clause" of § 924(c)(3). *Biba*, 2019 WL 6910440, at *1 (citing *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019)).

However, Riccardi's argument fails as to the substantive Hobbs Act robbery claim, thus dooming his entire constitutional argument. Substantive Hobbs Act robbery continues to be a "crime of violence" under the elements clause of § 924(c)(3). *See Barrett*, 937 F.3d at 128 ("[S]ubstantive Hobbs Act robbery . . . can be identified as a crime of violence under § 924(c)(3)(A) applying the traditional, elements only, categorical approach not at issue in *Davis*.") (citing *United States v. Hill*, 890 F.3d 51, 53, 60 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019)). Even though the residual clause of § 924(c)(3) is unconstitutional, and conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence," Riccardi is still subject to § 924(c) or § 924(j) because he was also convicted of substantive Hobbs Act robbery. Indeed, his sentence under § 924(c)(1)(A)(iii) is required because the jury found that a firearm was discharged during the actual robbery. (Dkt. No. 170). Similarly, Riccardi's sentence under § 924(j) is required because the jury found him guilty of "causing death while using a firearm" during the robbery. (*Id.*)

Because Hobbs Act robbery continues to be a crime of violence even after *Johnson* and its progeny, Riccardi's convictions on Counts Three and Four are not constitutionally infirm and I recommend his petition therefore be denied.

## **CONCLUSION**

For the reasons stated herein, I respectfully recommend that Riccardi's motion under 28 U.S.C. § 2255 be denied in its entirety and without a hearing. The Government is hereby directed to serve a copy of this Report and Recommendation upon Riccardi by regular and certified mail and to file proof of service on CM/ECF. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Edward R. Korman within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge
Dated: February 4, 2020
Brooklyn, New York